IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENNETH REYNOLDS JONES**                                              **PLAINTIFF**

VS.                                              CIVIL ACTION NO. 1:08cv1318HSO-JMR

**CITY OF PICAYUNE, MISSISSIPPI, et al.**                               **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION</u>

This matter is before the Court on Kenneth Reynolds Jones' Objection [65] to the Report and Recommendation [64] of Chief United States Magistrate Judge John M. Roper entered in this cause on June 1, 2010.  Also before the Court is the Motion for Summary Judgment [57] of Defendants City of Picayune, Mississippi, Michael Odom, Jim Luke, Holly Krantz, and Daniel Davis, pursuant to Federal Rule of Civil Procedure 56.  The Court has conducted a *de novo* review of the record and concludes that Defendants' Motion should be granted, and that this case should be dismissed.

**I.  <u>DISCUSSION</u>**

A.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, discovery and disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations on a referred motion for

summary judgment, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

B.      Analysis

Plaintiff filed this *pro se* 28 U.S.C. § 1983 action against the City of Picayune, Mississippi, alleging that he suffered violations of his constitutional rights when he was subjected to police brutality on August 13, 2008, and when he was exposed to unsanitary conditions and denied adequate medical care while incarcerated as a pretrial detainee. *See* Pl.'s Compl. [1]. Plaintiff amended his Complaint on December 24, 2008, adding Michael Odom, Jim Luke, Daniel Davis, and Holly Krantz as Defendants, claiming they subjected him to police brutality. *See* Resp [12] to Ct. Order.

Defendants moved for summary judgment on March 23, 2010, arguing that Plaintiff's excessive force claim is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants claim that they are further entitled to summary judgment on Plaintiff's remaining conditions of confinement and inadequate medical care claims. Plaintiff filed a Response [59], and Defendants a Reply [60]. Plaintiff then filed a Sur-reply [61].

The Magistrate Judge concluded that Plaintiff failed to create a genuine issue as to whether Defendants violated Plaintiff's constitutional rights during his incarceration as a pretrial detainee at the Picayune City Jail ("PCJ"). *See* Rep. and

Rec. at p. 18.  Plaintiff's Complaint alleges that "[he had] been exposed to unsanitary conditions, i.e, 1.  exposure to black mold, 2. no sunlight entering cells due to all windows being covered with steel, 3. inadequate drinking water, 4. food being served on/off the floor...."  Pl.'s Compl. [1].  The Magistrate found that there was no evidence that an official policy of the PCJ existed which violated his constitutional rights.  *See* Rep. and Rec. 9.  The Magistrate also found that the record was bereft of facts supporting the conclusion that any Defendant was aware of the allegedly unconstitutional conditions or intended to subject Plaintiff to such conditions as a form of punishment.  *See id.* at 10.  The Magistrate recommended dismissal of this claim with prejudice.

The Magistrate also found that Plaintiff's allegation that he was denied adequate medical care did not rise to the level of a constitutional violation.  *See id.* at p. 19.  Plaintiff presented no evidence that he was ever denied any requests for medical care.  *See id.* at p.17.  Nor did Plaintiff present any evidence that an official policy of the PCJ existed which violated his constitutional rights, or that any PCJ official was aware that Plaintiff was in need of treatment.  *See id.* at pp. 16-17.  Plaintiff did not make any allegation that would show that a PCJ "official had subjective knowledge of a substantial risk of serious harm to [him] but responded with deliberate indifference to that risk."  *Id.* at 18  (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996)).  The Magistrate found that, at most, "Plaintiff's allegation could be interpreted as a disagreement with his medical

treatment received following his arrest, however, disagreement with medical treatment alone is insufficient to support a claim under section 1983." *Id.* (citing *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)). The Magistrate recommended that this claim be dismissed with prejudice.

Finally, the Magistrate found that Plaintiff's excessive force claim challenges the factual determination that underlies his conviction for resisting arrest. *See* Rep. and Rec. at p. 15. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Magistrate concluded that a judgment in favor of Plaintiff would imply the invalidity of his resisting arrest conviction, which has not been reversed, expunged, declared invalid, or called into question by a federal habeas corpus proceeding. *See id.* As such, the Magistrate recommended that Plaintiff's excessive force claim should be dismissed with prejudice to its being asserted again until the *Heck* conditions are met. *See id.* at p. 19.

Plaintiff has objected to each of the Magistrate's findings. *See* Obj. [65]. However, Plaintiff simply reiterates the arguments which were before the Magistrate, and he has otherwise failed to produce any evidence creating a genuine

dispute of material fact as to any of his claims.  Based on a *de novo* review, the Court finds that the Magistrate Judge's Report and Recommendation is well reasoned, and that it correctly finds the applicable facts and applies the governing legal standards.

After thoroughly reviewing the findings in the Report and Recommendation [64], in addition to the positions advanced in Defendant's Motion for Summary Judgment [57] and related pleadings, as well as in Plaintiff's Objection [65], the Court finds that Plaintiff's Objection is not well taken or supported by the record, and should be overruled.  The Court further finds that the Magistrate's Report and Recommendation should be adopted as the finding of the Court.

## II.  CONCLUSION

For the reasons stated herein, the Report and Recommendation [64] of Chief United States Magistrate Judge John M. Roper entered in this cause on June 1, 2010, should be adopted as the finding of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Kenneth Reynolds Jones' Objection [65] to the Report and Recommendation [64] should be, and hereby is, **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Report and Recommendation [64] of Chief United States Magistrate Judge John M. Roper entered on June 1, 2010, should be and hereby is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for

Summary Judgment [57] of Defendants City of Picayune, Mississippi, Michael Odom, Jim Luke, Holly Krantz, and Daniel Davis, pursuant to Federal Rule of Civil Procedure 56, should be, and hereby is, **GRANTED**.  Plaintiff's excessive force claim is dismissed with prejudice to its being asserted again until the *Heck* conditions are met, and Plaintiff's remaining claims against Defendants are dismissed with prejudice.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all remaining pending Motions are hereby denied as moot.

**SO ORDERED AND ADJUDGED,** this the 17th day of November, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE